CROSBY (BOCKEE v.). See Case No. 1,593.

---

## Case No. 3,419.
### CROSBY v. CADWALADER.
[5 Am. Law Rev. 187.]

Circuit Court, E. D. Pennsylvania. June 8, 1870.

WAR—LIABILITY OF ARMY OFFICER FOR SEIZURE AND ARREST.

[Act March 3, 1863 (12 Stat. 756), provides that any order of the president, or under his authority, made during the existence of the Rebellion, shall be a defense to any action for acts done under or by virtue of such order. *Held*, that a general in the army was not liable for a seizure and arrests made by him during the Rebellion in pursuance of instructions from the secretary of war; the instructions of the secretary being, in that behalf, the act of the president.]

Action [by Philander Crosby against George Cadwalader] for damages growing out of the seizure of the bark A 1, at the close of the year 1863, and the arrest and confinement in Fort Mifflin of Captain Crosby and the other officers of the vessel. The damages claimed were laid at ten thousand dollars.

STRONG, Circuit Justice, after reciting the circumstances of the case as detailed by the witnesses, referred to the act of congress of March 3, 1863 [12 Stat. 756], in which it is declared that any order of the president or under his authority made at any time during the existence of the present Rebellion, shall be a defence in all courts to any action or prosecution, civil or criminal, pending or to be commenced, for any search, seizure, arrest, or imprisonment made, done, or committed, or acts omitted to be done, under and by virtue of such order or under color of any law of congress, and such defence may be made by special plea or under the general issue. He then referred to the telegraph despatches which had been sent from the secretary of war to General Cadwalader in reference to the detention of the bark A 1,—the first one, several days before the seizure, and the second ordering the release of the vessel,—and said that the act of the secretary of war was that of the president. If, then, the jury were satisfied that the defendant did act under authority, the law was a bar to

the recovery of damages by the plaintiff, and he had to look to Washington, either to the court of claims or to congress, for redress. The jury, after a few minutes' deliberation, rendered a verdict for the defendant.